KAVANAUGH, Circuit Judge,
concurring in the judgment:
Mehmet Ege is a pilot who flies for Emirates Airline, which is headquartered in Dubai. Ege is a dual citizen of Canada and Turkey. The Transportation Security Administration, commonly known as TSA, has barred Ege from piloting a plane to, from, or over the United States. Ege also claims that TSA has barred him from even boarding a plane to, from, or over the United States.
Ege asks this Court to review TSA’s January 22, 2013, final order that allegedly bars him from boarding a plane to, from, or over the United States. Ege also complains about TSA’s 2008 final order barring him from piloting a plane to, from, or over the United States.
To begin with,-both Ege and the Government agree that Ege has standing to bring this suit against TSA. I likewise agree. The majority opinion nonetheless has sua sponte denied standing to Ege. According to the majority opinion, Ege’s complaint is not redressable by the Court because TSA could not comply with a court order that directed the agency to allow Ege to board or pilot a plane. I frankly do not understand that.
Under federal law, TSA controls access to planes. TSA barred Ege from piloting planes and allegedly barred Ege from boarding planes. Congress has mandated that TSA “shall establish a timely and fair process for individuals” who are delayed or prohibited from boarding planes to “appeal to the Transportation Security Administration the determination and correct any erroneous information.” 49 U.S.C. § 44903(j)(2)(G)(i); see also 49 U.S.C. § 44926(a). Ege invoked that appeals process. Following that appeals process, TSA issued an order affirming its decision that allegedly bars Ege from boarding planes. Ege asks us to review that order, and a similar order barring Ege from piloting planes. Under Federal Rule of Appellate Procedure 15(a), Ege properly named TSA as respondent in his petition for review filed in this Court. And TSA, represented by the Department of Justice, says it could and would, if ordered by a final court decision, allow Ege to board or pilot a plane. See Tr. of Oral Arg. at 12:51-13:43. What more do we need? In my view, this case readily meets the injury in fact, causation, and redressability prongs of the standing doctrine. The majority opinion does not cite any case of the Supreme Court or this Court suggesting that the redressability prong of standing is a barrier to suit where an individual follows an agency review process mandated by Congress and then appeals the agency’s final order.
That said, the problem for Ege here is that his petition for review is untimely. Under Section 46110(a), a petitioner must file a request for review of a TSA order “not later than 60 days after the order is issued.” 49 U.S.C. § 46110(a). This Court may excuse a late filing “only if there are reasonable grounds for not filing by the 60th day.” Id.
*798 On January 22, 2013, TSA issued the final order that allegedly bars Ege from boarding a plane to, from, or over the United States. But Ege’s petition for review of that TSA order was not filed until April 4, 2013. Ege’s petition was thus filed 10 days after the 60-day period for seeking review had expired. Moreover, TSA’s final order barring Ege from piloting a plane to, from, or over the United States was issued in 2008. So Ege is long past the time to challenge that order as well.
Under this Court’s precedent, we must dismiss an untimely petition for review under Section 46110(a) unless there are reasonable grounds for delay. See Avia Dynamics, Inc. v. FAA, 641 F.3d 515, 521 (D.C.Cir.2011). In this case, the record does not disclose any reasonable grounds for delay. As to TSA’s 2008 order, Ege has offered no explanation for his several-year delay in seeking review. As to TSA’s 2013 order, Ege claims that the date he received TSA’s order, his geographic location, and his employment excuse his failure to file his petition on time. It is true that Ege is an international pilot living in Dubai, and that he allegedly became aware of TSA’s January 22, 2013, order just 12 days before the 60-day period for seeking review of that order expired. But that still gave him 12 days to file a timely petition for review. He did not do so.
I would therefore dismiss Ege’s petition as untimely. If Ege seeks to travel on a plane flying to, from, or over the United States, and TSA prevents him from doing so, the Government has stated to the Court that Ege may bring a new challenge at that time. See Tr. of Oral Arg.. at 19:29-19:51.